IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
5:06CV35-03-MU

| | |
|---|---|
| EUGENE LITTLE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court on initial review of Plaintiffs' Complaint under 42 U.S.C. § 1983, filed March 8, 2006. (Document No. 1. )

As an initial matter, the Court notes that Plaintiff's "lawsuit' is not a properly filed civil right case pursuant to 42 U.S.C. § 1983, but is simply a letter complaining about the grievance procedure and his life in prison that the Clerk's office filed as a new case and as such, the Court must treat as a new case. Plaintiff states at the beginning of his letter that he does not understand "the filing section of 1983 complaints." However, Plaintiff's legal record belies this claim in that Plaintiff has filed at least three previous § 1983 complaints in this district and in the Eastern District of North Carolina.[1]

Plaintiff seems to be complaining about the fact that when he received his copy of King

---

[1] On March 8, 2006 this Court dismissed one of Plaintiff's 1983 Complaints naming thirty one defendant for failure to state a claim for relief. See 3:06cv102. Moreover, the Eastern District of North Carolina denied two of Plaintiff's 1983 Complaints. See 5:01-CT-253-BO and 5:00-CT-908-BR.

Dockets.Justia.com

Magazine on February 27, 2006, it was badly damaged[2] and a picture of Dr. Martin Luther King Jr. on page 153 had writing on it[3]. Plaintiff sent the magazine to this Court as an exhibit to his Complaint. The Court notes that there was not significant damage to Plaintiff's magazine such that it could not be read. There is no evidence that the damage to the magazine was intentional and any damage as a of negligence is not actionable. Further, while the Court does not know how or when the writing got on the picture of Dr. Martin Luther King, Plaintiff's claim is not actionable. Plaintiff does not even name as a defendant the person who allegedly wrote on his magazine. Plaintiff claims that the writing on the cover of his magazine is racist, however, Plaintiff has failed to connect his claim to any constitutional right and has not stated any injury. Plaintiff's allegations are conclusory and not actionable.

In connection with his claim about the magazine, Plaintiff also claims that Officer W. Gill cursed at him and Officer D. Mullin, who had snuff in his lip, refused to allow him to shower. At most, Plaintiff's allegations amount to verbal abuse. However, verbal abuse of inmates by guards, without more, states no claim. Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C.)., aff'd 917 F.2d 1302 (4th Cir. 1990). Officer's Mullin's refusal to allow Plaintiff to shower is also not actionable. There is no evidence that Plaintiff suffered any harm due to missing one shower.

## II. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is

---

[2] Only the back cover was slightly torn and the Court has no way of knowing when or how the tear occurred.

[3] It is not clear to this Court if the writing on the picture was on the photo prior to publication or written after publication. The writing on the photo of Dr. Martin Luther King, Jr. says "Dead 4-4-68."

Dismissed for failure to state a claim for relief.

**SO ORDERED.**

Signed: March 24, 2006

Graham C. Mullen
United States District Judge